### H. H. DICKINSON CO. v. HICKEY.

BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—FAILURE TO GIVE NOTICE OF DISHONOR DISCHARGED INDORSER.

Under the negotiable instruments law (2 Comp. Laws 1915, §§ 6107, 6130), where notice of dishonor was mailed to the indorser at the address of the makers, although the city directory contained the indorser's correct address, and she never received said notice, she was discharged from liability.[1]

Error to Wayne; Webster (Clyde I.), J. Submitted June 10, 1926. (Docket No. 76.) Decided July 22, 1926.

Assumpsit by H. H. Dickinson Company and another against Fred J. Hickey and Edwin G. Hickey, makers, and Anna R. Hickey, indorser, on a promissory note. Judgment for plaintiffs on a directed ver-

[1]Bills and Notes, 8 C. J. §§ 895, 935 (Anno).
On sufficiency of demand and notice of dishonor to charge indorser of promissory note, see note in 46 L. R. A. 804.

dict against the makers only.    Plaintiffs bring error. Affirmed.

*Payne & Payne,* for appellants.

*Routier, Nichols & Fildew,* for appellee.

WIEST, J.    May 16, 1922, defendants Fred J. and Edwin G. Hickey gave plaintiff company their note, payable in 60 days at the Merchants National Bank, Detroit.    Defendant Anna R. Hickey, their mother, was an accommodation indorser thereon.    At maturity the note was dishonored by nonpayment, protest made by a notary public and notice of dishonor mailed Anna R. Hickey, addressed to 675 Brainard street, Detroit.    At the time the note was given and at the date of dishonor Mrs. Hickey resided at 2933 Second boulevard, Detroit.    The note gave the address of Fred J. and Edwin G. Hickey as 675 Brainard street, but contained nothing indicating the address of Mrs. Hickey.    The Detroit city directory gave Mrs. Hickey's true address and there was no excuse shown for sending the notice of dishonor to her elsewhere. This suit was brought against the makers and indorser to recover on the note.    Mrs. Hickey did not receive notice of dishonor of the note, and, upon motion of her counsel, the circuit judge, at the close of the proofs, directed verdict in her favor with judgment for plaintiff against the makers.

The question presented is whether want of notice of dishonor of the note discharged the indorser. Under the negotiable instruments law (2 Comp. Laws 1915, § 6107), defendant Anna R. Hickey, as indorser, engaged, in case the note was dishonored by nonpayment, to pay the amount thereof if the necessary proceedings on dishonor were duly taken.    The same law (2 Comp. Laws 1915, § 6130) provides for notice of dishonor occasioned by nonpayment and discharges an

indorser to whom such notice is not given.    The notice required. by statute was not given and failure to give the notice discharged Anna R. Hickey.

The judgment is affirmed, with costs to defendant Anna R. Hickey.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.